IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
KANSAS AT KANSAS CITY

| | |
|---|---|
| PAUL SMITH,<br>Individually And On Behalf Of<br>All Others,<br><br>    Plaintiffs,<br><br>vs.<br><br>LYFT, INC.<br>Registered Agent:<br>C T Corporation System<br>112 SW 7th Street, Suite 3C<br>Topeka, KS  66603<br><br>    Defendant. | Case No.: 2:25-cv-2161<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Paul Smith, by and through his attorneys, and on behalf of himself, and brings the following action against Defendant, Lyft, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other available relief.

## PARTIES

3. Plaintiff is a resident of Wichita, Kansas.  Plaintiff is a member of the Putative Classes defined below.

4. Defendant is a non-resident foreign company formed under the laws of Delaware doing business in Kansas.

## JURISDICTION AND VENUE

5. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff applied to work for Defendant in Kansas, and his claims arise, in substantial part, in Kansas. Defendant regularly conducts business in Kansas and is subject to personal jurisdiction in this district.

7. Plaintiff desires the trial to be held in the District Court of Kansas at Kansas City.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

9. Plaintiff began working for Defendant in or about 2019.

10. Plaintiff had a five-star rating with Defendant.

11. On or about March 24, 2023, Plaintiff received a message on his Lyft phone app telling him that he was suspended because of an assault violation.

12. Plaintiff received a phone call from an employee of Defendant asking for his side of the story.

13. On or about March 28, 2023, Plaintiff received an email from Defendant telling him his Lyft account was deactivated.

14. Plaintiff contacted law enforcement and was told that there were no assault charges pending or filed against the Plaintiff.

15. Lyft provided notice of the alleged assault to Hireright.

16. Lyft did not provide Hireright with any proof of the alleged assault.

17. Lyft did not provide Hireright with any supporting documentation.

18. Per an agreement between Lyft, Hireright, and Uber, Hireright provided Uber with a Consumer Report concerning the Plaintiff.

19. The Consumer Report indicated that "Lyft, Inc. informed Hireright that this person is not currently eligible to use its platform due to safety-related reports."

20. Uber banned the Plaintiff from driving for Uber based on the Consumer Report.

21. Plaintiff attempted to appeal the Uber but was denied.

22. Plaintiff wrote a letter to Uber and HireRight in an attempt to appeal the information contained within the Consumer Report.

23. On or about January 30, 2024, the Plaintiff sent a request for reinvestigation to HireRight.

24. Plaintiff included the request # and date of the Consumer Report in the request for reinvestigation.

25. Plaintiff requested the documents HireRight relied on if the reinvestigation failed to remove the challenged information from the Plaintiff's Consumer Report.

26. Plaintiff requested a list of all companies that were provided with the inaccurate driver safety information.

27. On February 6, 2024, HireRight confirmed receipt of the Plaintiff's request for reinvestigation.

28. On March 1, 2024, HireRight denied the Plaintiff's request to remove the alleged safety-related information from the Plaintiff's Consumer Report.

29. HireRight did not receive any data or report details in the reinvestigation of the safety program information.

30. HireRight's letter dated March 1, 2024, does not mention any documents or

statements that the driver safety information from Lyft was based.

31. HireRight's decision to reject the Plaintiff's request for removal was based solely on Lyft's verification of the information without supporting documentation or other supporting evidence.

32. Hireright did not provide the Plaintiff with a list of other companies who were provided the inaccurate driver safety information.

33. On March 27, 2024, Plaintiff sent the Defendant an email requesting a description of the procedures used in the investigation along with the name, address, and telephone number (if reasonably available) of anyone contacted for information related to this dispute investigation.

34. HireRight responded on March 29, 2024, that the dispute was completed and an email was sent to the Plaintiff.

35. On April 1, 2024, the Plaintiff followed up with HireRight because he did not receive an email.

36. On April 1, 2024, HireRight responded by email and stated, "HireRight does not receive data or report details regarding any safety-related incidents."

37. HireRight did not remove the inaccurate and unsubstantiated information from the Plaintiff's Consumer Report.

38. HireRight's failure to remove the inaccurate unsubstantiated information from Plaintiff's Consumer Report prevents him from obtaining employment with gig services.

39. On information and belief, HireRight's refusal to remove the information from Plaintiff's Consumer Report is based on misrepresentations they received from

Lyft.

40. Lyft's failure to comply with the mandates of the FCRA caused the Plaintiff an initial injury and continues to injury the Plaintiff.

41. Defendant has defamed the Plaintiff.

42. Defendant has harmed the Plaintiff's livelihood.

43. Defendant is aware of the FCRA.

44. Defendant has knowledge that it must comply with the FCRA.

45. Defendant is required to produce all information to HireRight in accordance with the FCRA.

46. On information and belief, a written agreement addressing the production of Consumer Reports exists between Lyft, Inc., HireRight, and Uber.

47. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were in reckless disregard of the law and in violation of 15 U.S.C. §1681n.

## Count I
## FCRA VIOLATIONS

48. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

49. Defendant produced information to HireRight.

50. The information produced to HireRight was adverse and would be considered adverse by any reasonable employer and/or person.

51. The information produced by the Defendant to HireRight was unverified.

52. The manner in which the Defendant reported information to HireRight violated the FCRA and Plaintiff's rights.

53. The manner in which the Defendant responded to HireRight request for

verification violated the FCRA.

54. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff and the putative class members.

55. The foregoing violations were reckless.

56. Defendant acted in deliberate or reckless disregard of its obligations and the rights of the Plaintiff.

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order finding that Defendant committed multiple, separate violations of the FCRA;

   b. Order finding that Defendant acted recklessly in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

   c. Order awarding statutory damages and punitive damages as provided the FCRA;

   d. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

   e. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ *C. Jason Brown*
Charles Jason Brown KS 70700
Jayson A. Watkins KS 78463
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF