IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAUL SMITH, | |
| Plaintiff, | |
| v. | Case No. 2:25-cv-02161-HLT-ADM |
| LYFT, INC., | |
| Defendant. | |

MEMORANDUM AND ORDER

Plaintiff Paul Smith brings this putative class action[1] against Defendant Lyft, Inc., alleging Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Defendant is a ride-sharing platform. Plaintiff was a driver on the platform. Plaintiff alleges Defendant deactivated his account due to an unsubstantiated assault claim, that Defendant informed third-party HireRight about the claim, and that HireRight reported the information to Uber.

Defendant moves to compel arbitration based on a provision in its Terms of Service. Doc. 14. Plaintiff contends that there is insufficient evidence to show he agreed to arbitrate and, even if he did, the agreement to arbitrate is illusory. The Court rejects both arguments, grants Defendant's motion, and stays the matter pending the arbitration's result.

I.   BACKGROUND

Plaintiff used Defendant's platform as a rideshare driver. Defendant received an unsubstantiated complaint that Plaintiff assaulted someone. Defendant terminated Plaintiff from

---

[1] Plaintiff purports to bring this case on behalf of a class. The case caption says so, and Plaintiff states he is "a member of the Putative Classes defined below." Doc. 1 at 1. But Plaintiff never defines the class(es) or makes other class allegations, other than the statement that "Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff and the putative class members." *Id.* at 6. It is unclear whether Plaintiff intends to pursue this case as a class action. But it does not matter for purposes of this order.

its platform because of the complaint. Defendant then informed HireRight about the complaint. Uber (another ride-sharing platform) terminated Plaintiff from its platform after learning about the complaint from HireRight. Plaintiff asserts that the assault allegations are unfounded and that Defendant's actions violated the FCRA.

Plaintiff's use of Defendant's platform was subject to an electronically provided writing called the Terms of Service. Plaintiff agreed to the Terms of Service, which contain a mandatory arbitration provision covering claims arising out of the FCRA. Doc. 16-1 at 23-32. The provision also prohibits the pursuit of non-individualized relief (i.e., relief through a class action or other type of collective proceeding).[2] *Id.* at 25.

## II. LEGAL STANDARD

Arbitration is a "matter of contract," and therefore agreements to arbitrate are "valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." *Coinbase, Inc. v. Suski*, 602 U.S. 143, 147-48 (2024) (internal quotations and citation omitted). Courts use a summary-judgment-like standard to decide motions to compel arbitration. The moving party must show the absence of a genuine issue of fact about whether an agreement to arbitrate exists and whether the dispute falls within that agreement. *Hancock v. AT&T*, 701 F.3d 1248, 1261 (10th Cir. 2012). But a non-moving party cannot create a genuine factual dispute with conclusory allegations or assertions that lack support in the factual record before the court. *Braden v. Optum RX, Inc.*, 2021 WL 5299402, at *1 (D. Kan. 2021).

Courts also use summary-judgment evidentiary requirements when deciding whether to compel arbitration. *E.g.*, *Valdez v. Uber Techs., Inc.*, 2025 WL 2924641, at *3 (D. Colo. 2025) (collecting cases); *see also, e.g.*, *Clements v. Alto Trust Co.*, 685 F. Supp. 3d 1249, 1257 (D.N.M.

---

[2] This provision may not be relevant, depending on how Plaintiff intends to pursue this case.

2023). This means that parties can object to evidence that "cannot be presented in a form that would be admissible in evidence." *Valdez*, 2025 WL 2924641, at *3 (internal quotations and citation omitted). A court can consider substantively admissible evidence that is in an inadmissible form. *Id.* But it cannot consider substantively inadmissible evidence. *Id.*

### III. ANALYSIS

Defendant offers evidence that Plaintiff agreed to arbitration when he agreed to its Terms of Service. And Plaintiff does not dispute that his FCRA claim falls within the scope of this agreement. Plaintiff instead argues that (1) Defendant hasn't offered admissible evidence showing that he assented to Defendant's Terms of Service and (2) the Terms of Service are illusory because Defendant can modify them at-will. Neither argument has merit. The Court finds that the parties agreed to arbitrate Plaintiff's FCRA claim and stays the matter pending arbitration.

**Proof of Assent.** Plaintiff contends that the Court cannot compel arbitration because Defendant has not offered competent evidence that he agreed to the Terms of Service. Plaintiff argues that Defendant must present the business records showing his assent instead of a declaration based on an after-the-fact review of business records.

Plaintiff bases his argument on the "best evidence rule" and the requirement that information contained in a declaration in support of summary judgment be made based on the declarant's personal knowledge.[3] But personal knowledge is not a concern here. Defendant presented the declaration of Alex Sniegowski, one of Defendant's employees who is familiar with Defendant's platform, the Terms of Service, and how drivers agree to the Terms of Service. He reviewed Defendant's business records to determine when Plaintiff accepted the Terms of Service.

---

[3] The best evidence rule says "[a]n original writing, recording, or photograph is required . . . to prove its content," absent an evidentiary or statutory exception. Fed. R. Evid. 1002.

A declarant's personal knowledge can be based on his review of his employer's business records. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1123 (10th Cir. 2005); *see Francoeur v. U.S. Bank Nat'l Ass'n*, 643 F. App'x 701, 704-05 (10th Cir. 2016) (citing *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006)).[4] And as long as the declaration is made on personal knowledge, the best evidence rule is not a barrier under summary-judgment-like evidentiary rules. *E.g., Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1347-48 (11th Cir. 2025) (statements in an employee's declaration, which were based on a review of business records, were sufficient to demonstrate that plaintiff agreed to an arbitration provision contained in a set of online terms and conditions). Defendant need not present evidence in a form that would be admissible at trial. It simply needs to present evidence that would be admissible in some form. Statements by a declarant made based on personal knowledge satisfy this standard. *See, e.g., Francoeur*, 643 F. App'x at 704-05.

**Illusory Terms.** Plaintiff argues that he never agreed to arbitrate because the arbitration agreement is embedded in a contract with illusory terms.[5] Plaintiff highlights a contractual provision where Defendant reserves the right to unilaterally alter information on hyperlinked pages without additional consideration. Plaintiff contends that this makes the Terms of Service illusory because they can be altered by modifying the information linked in them.

This argument is unpersuasive for at least two reasons. First, Plaintiff's reading of the modification provision is in tension with the plain language of the whole provision. What Defendant reserves the right to unilaterally modify is <u>not</u> the Terms of Service. Instead, Defendant

---

[4] *But see Loginov v. Sheridan Mem. Hosp.*, 2025 WL 1904470, at *4 n.4 (10th Cir. 2025) (noting a lack of uniformity on this issue).

[5] An "illusory" promise or term is one that effectively makes the promisor's performance optional. Restatement (Second) of Contracts § 77 cmt. a. The general rule is that illusory promises can't support contractual bargains because they aren't valid consideration. *Id.*

reserves the right to modify "information" referenced by hyperlink. Modification of the Terms of Service's actual "terms and conditions" (including the arbitration provision) requires actual acceptance. Doc. 16-1 at 4-5. Plaintiff's position that unilateral modification of informational hyperlinks could be used to unilaterally modify the Terms of Service is unreasonable. Any changes to the Terms of Service would still require some form of acceptance.

Second, the terms Plaintiff challenges do not concern the agreement to arbitrate. Plaintiff's argument is basically that certain terms unrelated to the arbitration agreement imperil the whole contract, which imperils the agreement to arbitrate contained within. This argument looks similar to the assent argument because they both concern the contract on the whole. But the important difference is that the Court can evaluate the assent-based argument without looking at the rest of the contract. It is <u>both</u> a challenge to the agreement to arbitrate <u>and</u> a challenge to the rest of the contract. Plaintiff's challenge based on illusory terms is not persuasive.

A challenge to an arbitration agreement must be specific to the agreement to arbitrate. It cannot be a formation-based challenge of an unrelated portion of the contract. *Buckeye Check Cashing v. Cardegna*, 546 U.S. 440, 444-45 (2006). It is well-settled "that a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause," is for the arbitrator and not the Court to resolve. *Id*. at 444-45, 449. Plaintiff's argument implicates whether consideration supports the whole contract (i.e., whether certain terms render the contract illusory). He does not argue lack of consideration with respect to the arbitration provision itself or whether that provision is illusory. Whether the Terms of Service are otherwise valid is for the arbitrator to resolve. *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1211 (10th Cir. 2016).[6]

---

[6] The Court struggles to see how an agreed-to mutual obligation to arbitrate a dispute could fail for lack of consideration. Each party's promise to arbitrate is in exchange for the other's identical promise. Each party agrees

## IV. CONCLUSION

Defendant has shown that the parties agreed to arbitrate Plaintiff's FCRA claim. The Court therefore orders the parties to arbitrate and stays the matter pending the arbitration's conclusion.

THE COURT THEREFORE ORDERS that Defendant's motion to compel arbitration (Doc. 14) is GRANTED. This matter is stayed pending arbitration. Defendant shall file a status report in six months or within ten days of the conclusion of arbitration, whichever is earlier.

IT IS SO ORDERED.

Dated: December 23, 2025                         /s/ *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE

---

in exchange for the agreement of each other party to give up its right to press any litigable claims it might have in court.